PATRICK McGEE & another *vs.* JOHN McCANN.

Penobscot. Opinion January 15, 1879.

*Intoxicating liquors. Assignment. Parties. Pleading. Declaration. Demurrer. Amendment. Costs.*

Under the statute of 1872, c. 63, § 4, the cause of action is the causing or contributing to the intoxication, whether done by selling intoxicating liquors, or owning the building in which the liquors are kept for illegal sale, with the knowledge of the owner.

The cause of action in such case is not assignable, and so there can be no assignee of it, as contemplated in R. S., c. 82, § 115, providing for an indorsement of the writ.

An allegation of the use of the building for the selling of intoxicating liquors in violation of law, with the knowledge of the owner, is sufficient; other counts declaring against the defendant, as owner of the building, and not the seller, without such allegations, *held* defective.

The cause of action in such case, as well as the damages to be recovered, is not joint but several. Where, therefore, the parents, though husband and wife, are joined as plaintiffs, declaring for damages to both, there is a misjoinder, amendable under act of 1874, c. 197. In this case, the law court allowed the amendment, upon payment of costs from the time the demurrer was filed.

ON EXCEPTIONS.

CASE by plaintiffs, parents of James McGee, under act of 1872, c. 63, § 4, in amendment of R. S., c. 27, § 32. The first count commences, "for that whereas," and recites § 4 entire, and proceeds: " And whereas, the plaintiffs allege that they have a son, James McGee, a minor under the age of 21 years, who is their sole and only means of support ; and whereas, they further allege that on the 3d day of March, 1876, said James McGee left his home and proceeded to the store of one John McCann, (the defendant) in said Bangor, where the said James bought, paid for, and drank on the premises and in said store, two glasses of whis-

key, by reason whereof he became intoxicated, and in trying to return home became insensible and fell across the European & N. A. Railroad track, and while lying there in that insensible condition, a passing train ran over him and cut off his left arm at the shoulder, maiming him for life, and rendering him utterly unfit for manual labor, by reason whereof his said parents, the plaintiffs, are deprived of their only means of support. Wherefore they claim to recover of the said John McCann the sum of ten thousand dollars under the above statute."

The second count set out the substance and effect of the statute, and alleged injuries similar to the first count, and claimed to recover both actual and exemplary damages.

The action was entered at the April term, 1876, and continued from term to term to the January term, 1877, when the plaintiffs had leave, subject to the defendant's exceptions, to amend their writ by adding a third count, containing an allegation of the use of the building for selling intoxicating liquor in violation of law, with the knowledge of the owner.

After the exceptions had been filed and allowed, the action was continued from term to term without trial to the April term, 1878, when the defendant moved that the writ be indorsed by Messrs. Barker, Vose & Barker, for the alleged reason that they then had from plaintiffs an irrevocable power of attorney as to the prosecution of the suit, and that by virtue of said power of attorney they controlled the suit, and that such facts constituted them assignees of such interest in the case as entitled defendant to their indorsement of the writ. Upon this motion the presiding justice ruled that, regardless of the power of attorney, its contents or its intended effect by the parties thereto, the writ need not be indorsed, because such a cause of action as this is not legally assignable. The defendant then filed a general demurrer to the writ, which was joined by the plaintiffs and overruled by the presiding justice.

The defendant alleged exceptions.

*J. Varney*, with *W. H. McCrillis*, for the defendant, contended that the first and second counts, containing the words "to the store of one John McCann," declared, if they declared anything,

that John McCann was the keeper of the store, not the owner, and that the third count, declaring against him as owner, introduced a new cause of action ; that the plaintiffs' counsel should have indorsed the writ ; that to allow them the benefit of the assignment such as it was to them as parties to it, and to release them from the obligations imposed by the statute because of such assignment, on the ground that it was illegal, was to allow them to take advantage of their own wrong. Under the demurrer, they contended that, although at common law the husband's name must be joined with the wife's in an action of tort to enable her to collect her own damage, yet the wife's name cannot be used as plaintiff in a writ in which the husband's damage is claimed, even if that damage to the husband arises from injury to the wife, where the husband is at the same time injured.

*L. Barker, T. W. Vose & L. A. Barker,* for the plaintiffs.

DANFORTH, J. The amendment allowed in this case was unobjectionable. In the first two counts the liability of the defendant is placed upon the ground that the intoxication from which the injury complained of resulted, was caused by liquor bought and drank by the plaintiffs' minor son, in the store of John McCann (the defendant). There are no allegations that the defendant sold or gave to the son the liquors which produced the intoxication, therefore the charge against the defendant is not for having caused or contributed to the intoxication under the provisions found in the first part of the section of the statute relied upon. On the other hand, the language used is such as is applicable to him as owner of the store. True, they may be applicable to one who is the keeper ; but taken in connection with the absence of other allegations, it is clear that under these two counts the defendant must be holden as the owner, if at all. But for this purpose the counts are clearly defective, and hence the third count is inserted by way of amendment. This count is more full and more clearly places the defendant's liability upon his ownership, making certain the very thing which was before uncertain, and there is no incongruity between this count and the previous ones in respect to the cause of action set out.

But if the first counts put the liability upon a sale and the last upon ownership, it does not follow that they are for two different causes of action. The terms of the Stat. 1872, c. 63, § 4, upon which the action is founded, must determine this. The action may be maintained "against any person who shall, by selling or giving any intoxicating liquors, or otherwise, have caused or contributed to the intoxication of such person." Further on it is provided that, the owners of buildings, "having knowledge that intoxicating liquors are sold therein in violation of law, shall be liable, severally and jointly, with the person selling or giving," etc. Hence under these provisions the owner's liability is evidently put upon the same ground as that of the seller, which is that each have caused or contributed to the intoxication, in different ways perhaps, but each working to the same result. The causing or contributing to the intoxication is the cause, and the only cause, of action provided for, and makes the guilty party liable, whatever be the means resorted to.

A motion was made by defendant's counsel that the writ be indorsed by Messrs. Barker, Vose & Barker as the assignees of the claim in suit, which was refused, on the ground that the cause of action is not legally assignable. This motion was made under the provisions of R. S., c. 82, § 115, which leaves no discretion in the court, but is peremptory that, when an action is commenced in the name of an assignor, the name and place of residence of the assignee, if known, shall be indorsed, by the request of the defendant, on the back of the writ. The terms assignee and assignor necessarily imply an assignment, and there can be no assignment within the meaning of the statute, whatever may be the form of words used, unless the subject matter is such as can be legally assigned. If, then, the cause of action in this case is such that it could not be legally transferred in this way, there can legally be no assignee, and the able and ingenious argument of counsel is not applicable. If the power of attorney referred to has the effect claimed for it, the suggestions made would be entitled to consideration upon a motion for nonsuit, for if the plaintiffs of record have parted with all their interest in the subject matter of the suit, and no one has legally acquired such interest,

it might be difficult to perceive upon what ground the action can be maintained. But the simple question now is, whether the attorneys are assignees, and, under the ruling, that must, for the purpose of settling the question raised by the exceptions, depend, as already suggested, upon the question as to whether the claim is assignable.

The claim is for an injury, not to property, but to the plaintiffs' means of support derived from their minor son. Nor is there any question growing out of a contract or a breach of one. It is an action of tort, purely and entirely so. It is not necessary even that the loss of the means of support should depend upon a legal right. It is sufficient if voluntarily rendered. So, too, the damages to be recovered do not depend entirely upon the actual injury, but may be exemplary as well. It would seem to follow that the cause of action is not only a tort but a personal wrong and injury, as much so as that of an assault and battery.

Whatever may be the result of the great variety of decisions of different tribunals, and the different and apparently conflicting principles upon which some of them rest, so far as relates to the legal right to assign causes of action growing out of wrongs or injuries to property, or of the violations of contract, it seems to have been universally held that claims for personal injuries, and those in which damages may be recovered for wounded feelings, cannot be transferred.

Besides, in this case there is nothing upon which an assignment can be based. The claim is not for any particular thing, but for damages to be recovered. It would hardly be contended that a right to support from any particular person, even if founded in law, could be transferred to another. No more so could a claim for damages resulting from an injury to that right. Even if such damages could be appropriated by such a contract as would be enforced in equity after a recovery, that would not be an assignment of a thing in existence such as is contemplated in the statute. There must be something more than a mere right to litigate. These principles are illustrated and sustained in 2 Story's Eq. Jur., § 1040, and note. 3 White & Tudor's Lead. Cas. in Eq. 334. *Mulhall* v. *Quinn,* 1 Gray, 106, 107. *Rice* v. *Stone,* 1 Allen, 566. *Averill* v. *Longfellow,* 66 Maine, 237.

Another question arises under the general demurrer to the writ. The objection here is a misjoinder of plaintiffs, and this objection we think must prevail.

The act of 1872, c. 63, § 4, gives to every parent, "who shall be injured in person, property, means of support, or otherwise, by any intoxicated person, or by reason of the intoxication of any person, a right of action in his or her own name against any person or persons who shall . . have caused or contributed to the intoxication of such person."

There is nothing in the statute which in any degree tends to change the ordinary principles of law as applicable to the maintenance of an action of this kind. Hence a joint action in the name of two can be maintained only when their joint interest is invaded, or where they are jointly interested in the damages to be recovered. This seems to be a universal rule, and the apparent exceptions are not real ones.

In *Coryton* v. *Sythebye*, 2 Saund. 115, cited in 1 Chit. on Plead., and approved in *Wilber* v. *Baker*, 2 Wils. 423, the action was maintained expressly on the ground of a joint interest in the damages. It is true the plaintiffs were severally interested in the mills injured, but the damage was joint; though each owned a mill, yet each had a right to grind the defendant's wheat and barley. That right belonged as much to the one as to the other; and as it is said in the opinion of the court, " they might well join in the action, for, though their interests are several, yet the not grinding at any of their mills is an entire joint damage to both of the plaintiffs, for which they shall have their joint action."

In the case at bar the interest as well as the injury is several. The damage complained of is not to property, but to support. The support of the one cannot be that of the other. The injury to the one in this respect cannot be a direct injury to that of the other. Though, in the case of husband and wife, it may be an indirect injury, but one for which an action would not lie.

Here the plaintiffs do not declare as husband and wife, but as parents. As such, the injury to the one and the amount to be recovered might be very different from that of the other, for both the real and the exemplary damage might be very different.

The language of the statute, so far from changing this principle of law, tends very decidedly to confirm it. " Every parent " thus injured shall have a right of action " in his or her own name," and the amount recovered by the " wife or child shall be his or her sole and separate property."

If the parents may join, just as well might the children, for in the same sense they all have community of interest.

Nor would it avail to so amend the writ that it should appear that the plaintiffs are husband and wife, as they presumably are, for the declaration does not show that the action is for the wife's damage as such, and she could not join with her husband to recover his damage. Nor would such an allegation show a joint interest in the damage, and relieve the case from the provision of the statute that the amount recovered by the wife " shall be her sole and separate property."

Where too many plaintiffs join, the objection need not be taken by plea in abatement. It is only where there is an omission of one who ought to have joined that such a plea is required. 1 Chit. on Plead. 66.

This defect in the writ is amendable under the provisions of the act of 1874, c. 197, which the plaintiffs may have leave to do, " upon the payment of cost from the time when the demurrer was filed."

It is also objected that there is no allegation in either count that the liquor was sold in violation of law. In the first two counts there is no such allegation, and for that, as well as for other reasons, they are defective. There is under the statute no cause of action against the defendant, unless it appears that his building, with his knowledge, was used for the sale of intoxicating liquors in violation of law. As this fact must appear, it must be alleged. It may be true that upon proof of sales the legal inference is that they are unlawful until the contrary appears. But this is a matter of inference from the testimony, and does not relieve the plaintiffs from setting out in their declaration all the facts necessary to secure a conviction. The court cannot assume that a person is not an authorized agent where he is not so described.

The third count contains the necessary allegation. It is not

necessary that defendant should know that the liquor was unlaw-
fully, or in any way, sold to the minor son. It is sufficient for
him to know that intoxicating liquors were unlawfully sold in his
building.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ.,
concurred.